UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Funchess, Jr., | ) C/A No. 9:06-3082-CMC-GCK |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| James Metts, Sheriff of Lexington County; and County of Lexington, | ) |
| Defendants. | ) |

# Background of this Case

The plaintiff is a detainee at the Lexington County Detention Center in Lexington, South Carolina. The plaintiff's criminal case is pending in the Court of General Sessions for Lexington County. The plaintiff has brought suit against the Sheriff of Lexington County and the County of Lexington pursuant to 42 U.S.C. § 1983. In the complaint, the plaintiff raise claims relating to jail conditions: lack of smoke detectors or fire sprinklers; overflowing toilets; overcrowding (three inmates to a cell); injuries from spider bites; and cell contamination. According to the plaintiff, some of the injuries



1

were sustained by the plaintiff's cellmates or other prisoners, not by the plaintiff. Although the plaintiff seeks damages and punitive damages in Part V of the complaint, he does not request a specific amount.

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983);

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).[2] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

The plaintiff's answers on page 2 of the complaint disclose that the Lexington County Detention Center has a grievance procedure and the plaintiff filed a grievance. The plaintiff's answers on page 2 of the complaint also indicate that the plaintiff has not yet received a decision with respect to his grievance. In other words, the plaintiff's grievance is still pending. Hence, this case is subject to summary dismissal for failure to exhaust prison remedies. See 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act; Porter v. Nussle, 534 U.S. 516, 152 L.E.2d 12, 122 S.Ct. 983, 2002 U.S. LEXIS® 1373 (2002); Booth v. Churner, 531 U.S. 956, 149 L.Ed.2d 958, 121 S.Ct. 1819, 2001 U.S. LEXIS® 3982 (2001)(unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); and Higginbottom v. Carter, 223 F.3d 1259, 2000 U.S.App. LEXIS® 21087 (11th Cir. 2000). Before bringing suit under 42 U.S.C. § 1983 against the defendants in the above-captioned case or any other official or employee of the Lexington County Detention Center, the plaintiff must await the decision on his grievance. See Woodford v. Ngo, 165



L.Ed.2d 368, 126 S.Ct. 2378, 2006 U.S. LEXIS® 4891 (2006)(PLRA requires "proper exhaustion" of administrative remedies).[3]

Although the lack of exhaustion of administrative remedies is, generally, considered an affirmative defense and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court, *sua sponte* dismissal prior to service of the complaint is appropriate.  See Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683, 2005 U.S.App. LEXIS® 8698 (4th Cir. 2005).[4]

---

[3]In light of the plaintiff's failure to exhaust his detention center remedies, it is not necessary to discuss the applicability of immunity under the Eleventh Amendment to Sheriff James Metts.  *But see* Comer v. Brown, 88 F.3d 1315, 1332, 1996 U.S.App. LEXIS® 17326 (4th Cir. 1996)(suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State.").

[4]The plaintiff's answers on page 2 of the complaint do not disclose the date on which he filed his grievance.  In light of the allegations in the complaint, it appears that the grievance was filed sometime between August 30, 2006 (the date of the first allegation in the complaint), and October 22, 2006 (the date the complaint was signed).  If the Lexington County Detention Center fails to respond to the plaintiff's grievance, the plaintiff can still bring suit in this federal court.  *See, e.g.*, Boyd v. Corrections Corp. of America, 380 F.3d 989, 996, 2004 U.S.App. LEXIS® 18903 (6th Cir. 2004)("Following the lead of the . . . other circuits that have considered this issue, we conclude that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance), *cert. denied*, 544 U.S. 920, 161 L.Ed.2d 477, 125 S.Ct. 1639, 2005 U.S. LEXIS® 2458 (2005); Jernigan v. Stuchell, 304 F.3d 1030, 1032, 2002 U.S.App. LEXIS® 19144 (10th Cir. 2002)("agree[ing with other circuits] that the failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable"); Lewis v. Washington, 300 F.3d 829, 833, 2002 U.S.App. LEXIS® 16388 (7th Cir. 2002)(stating that prison's failure timely to respond renders administrative remedies unavailable); Foulk v. Charrier, 262 F.3d 687, 698, 2001 U.S.App. LEXIS® 18707 (8th Cir.
(continued...)

On page 3 of the complaint, the plaintiff writes: "I George Funchess Jr submit this claim along with Cornell E. Morris, Deshawn Rucker, Jayson Bradford, and Michael Pinckey." The plaintiff lacks standing to sue on behalf of other prisoners at the Lexington County Detention Center. See Laird v. Tatum, 408 U.S. 1 (1972); Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and that the merits of the case are irrelevant); Frank Krasner Enterprises, Ltd. v. Montgomery County, Maryland, 401 F.3d 230, 234-236 & nn. 6-9, 2005 U.S.App. LEXIS® 4130 (4th Cir. 2005)(collecting cases on standing);[5] and Inmates v. Sheriff Owens, 561 F.2d 560, 562-563 (4th Cir. 1977)(one inmate does not have standing to sue on behalf of another inmate). See also Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner

---

(...continued)
2001)(holding that defendants failed to prove non-exhaustion where they presented no evidence to refute plaintiff's contention that he could not pursue grievance further after warden did not respond to his grievance); and Underwood v. Wilson, 151 F.3d 292, 295, 1998 U.S.App. LEXIS® 18884 (5th Cir. 1998)(holding that "available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance Procedures have expired"), cert. denied, 526 U.S. 1133, 143 L.Ed.2d 1012, 119 S.Ct. 1809, 1999 U.S. LEXIS® 3500 (1999).

[5]Cf. Kloth v. Microsoft, 444 F.3d 312, 2006 U.S.App. LEXIS® 9638 (4th Cir. 2006)(standing standard in multi-district antitrust litigation case).

cannot act as a "knight-errant" for others); and Oxendine v. Williams, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a *pro se* prisoner cannot be an advocate for others in a class action). Moreover, any grievances filed by Cornell E. Morris, Deshawn Rucker, Jayson Bradford, and Michael Pinckey or any injuries suffered by them will not excuse the plaintiff's failure to exhaust his detention center remedies.[6]

# *Recommendation*



Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process because the plaintiff has not exhausted the grievance procedure available at his detention center. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v.

---

[6]In light of the decision of the United States Court of Appeals for the Fourth Circuit in Green v. Young, 454 F.3d 405, 2006 U.S. App. LEXIS® 18685 (4th Cir. 2006)(dismissal under PLRA for failure to exhaust administrative remedies does not count as a "strike" for purposes of the "three strikes" rule), imposition is a "strike" is *not* appropriate in the above-captioned case.

7

Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the important notice on the next page.

                                                                             Respectfully submitted,

November 2, 2006                          George C. Kosko
Charleston, South Carolina              United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The **Serious Consequences** of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402
